IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02731-BNB

DAVID L. COLLINS,

    Petitioner,

v.

UNITED STATES DISTRICT COURT,
CLERK OF COURT,
PEOPLE OF THE STATE OF COLORADO,
COLORADO DEPARTMENT OF CORRECTIONS,
EXECUTIVE DIRECTOR ARI ZAVARAS,
CORRECTIONS CORPORATION OF AMERICA, d/b/a
    KIT CARSON CORRECTIONAL CENTER, and
WARDEN/TRUSTEE CHAPMAN,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 22 2010

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Petitioner, David L. Collins, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. He submitted to the Court *pro se* a motion titled "Motion for Special Prohibitory Injunction Non Statutory Injunction Writ of Mandate to Cease and Desist."

On November 15, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Collins to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Collins was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on the Court-approved form and list the proper Respondent. In addition, he was directed to submit a Prisoner's Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form and a certificate of the warden or other appropriate prison officer as to the amount of money on deposit in his inmate trust fund account. He was informed that the § 1915 motion and affidavit only was necessary if the $5.00 filing fee was not paid in advance. Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement.

The November 15 order warned Mr. Collins that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice. Mr. Collins has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Accordingly, it is

ORDERED that the motion titled "Motion for Special Prohibitory Injunction Non Statutory Injunction Writ of Mandate to Cease and Desist" is denied and the action dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure for the failure of Petitioner, David L. Collins, within the time allowed, to cure the deficiencies designated in the November 15, 2010, order, and for his failure to prosecute. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  22nd  day of     December                  , 2010.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02731-BNB

David L. Collins
Prisoner No. 122803
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on December 22, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk